UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MICHAEL BOONE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-2182 |
| | ) |
| L. COLEMAN, D. LAKER, GINA ALLEN, | ) |
| K. KILEY, and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

## OPINION

This case is before the court for ruling on the Motion to Dismiss (#38) filed by Defendants David E. Laker and Gina Allen and the Motion to Dismiss (#54) filed by Defendants Kerrick Kiley and Salvador Godinez. This court has carefully reviewed the arguments of the parties and the documents attached to Plaintiff's pro se Second Amended Complaint (#33). Following this thorough review, Defendants' Motions to Dismiss (#38, #54) are GRANTED. Defendants Lake, Allen, Kiley and Godinez are dismissed from this action. The case will proceed against Defendant Lamar Coleman.

## BACKGROUND

On July 19, 2012, Plaintiff, Michel Boone, filed a pro se Complaint (#1) against Defendants Coleman, Laker, and Allen. Plaintiff alleged that Defendants violated his constitutional right to free exercise of his religion when they denied Plaintiff's request for a kosher diet. On August 22, 2012, a merit review hearing was held before United States District Judge Michael P. McCuskey. Judge McCuskey allowed the case to proceed.

On November 19, 2012, Plaintiff filed a pro se First Amended Complaint against Coleman, Laker, and Allen. Plaintiff alleged that he submitted written requests to Coleman requesting a kosher diet for religious reasons. Plaintiff alleged that he is a Messianic Hebrew, a religion which has a belief in following strict kosher dietary guidelines. Plaintiff alleged that Laker and Allen denied his grievances regarding his request for a kosher diet. Defendants filed Answers (#25, #26, #27) to the First Amended Complaint on January 28, 2013.

On May 23, 2013, Plaintiff filed a pro se Second Amended Complaint (#33). Plaintiff added Kiley and Godinez as additional Defendants. In his Second Amended Complaint, Plaintiff alleged that Kiley, Laker, Allen and Godinez were involved in denying his grievances related to the denial of his kosher diet request. Plaintiff alleged that, in January 2013, Chaplain Easton and Warden Anglin approved a kosher diet for him and, as of February 1, 2013, Plaintiff has been provided a kosher diet. Plaintiff alleged that Defendants violated his rights under the First and Fourteenth Amendments of the United States Constitution. Plaintiff sought compensatory and punitive damages. Plaintiff attached exhibits to his Second Amended Complaint, including copies of his grievances and the responses to the grievances.

On July 19, 2013, Judge McCuskey held a telephone status conference. Judge McCuskey granted the request of Defendants Coleman, Laker and Allen to file a Motion to Dismiss, which was due by August 16, 2013. On August 16, 2013, Defendants Laker and Allen filed a Motion to Dismiss (#38) and a Memorandum in Support (#39). Plaintiff was

allowed additional time to respond and filed his Response (#48) and Memorandum in Opposition (#49) on September 27, 2013.

Also on September 27, 2013, Judge McCuskey held another telephone status conference. Judge McCuskey directed the clerk to serve Defendants Kiley and Godinez. Requests for waiver of service (#46, #47) were therefore sent to Defendants Kiley and Godinez. Kiley waived service on October 4, 2013 (#51), and Godinez waived service on October 11, 2013 (#52). On November 26, 2013, Defendants Kiley and Godinez filed a Motion to Dismiss (#54) and Memorandum in Support (#55). On December 11, 2013, this case was transferred to this court. On December 18, 2013, this court entered an Order (#64) which, in pertinent part, allowed Plaintiff additional time to respond to the Motion to Dismiss (#54). Plaintiff filed his Response (#68) and Memorandum in Opposition (#69) on January 9, 2014.

ANALYSIS

In their Motions to Dismiss, Defendants Laker, Allen, Kiley and Godinez have argued that Plaintiff's Second Amended Complaint alleges that they violated his constitutional religious rights by failing to respond to Plaintiff's grievances in a manner favorable to Plaintiff. They contend that, because Defendants were only involved in the grievance process, Plaintiff has not plausibly alleged that they were personally involved in his constitutional deprivation. In his Responses, Plaintiff has argued that he has pled sufficient factual content and provided supportive documentation to allow the court to draw the reasonable inference that Defendants acted (or failed to act) with deliberate or reckless

3

disregard for Plaintiff's right to receive a religious diet. Plaintiff argued that "the Defendants involved in this matter through the grievance process were personally liable under 42 U.S.C. Section 1983." Plaintiff also argued that Defendants failed to follow their responsibilities under the Illinois Administrative Code regarding his grievances.

On a defendant's motion to dismiss, all factual allegations in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Twombly*, 550 U.S. at 555-56. To survive a motion to dismiss, a complaint must include sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 570. A claim for relief is plausible if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011), *quoting Iqbal*, 556 U.S. at 678.

To be liable under § 1983, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "Section 1983

4

does not establish a system of vicarious responsibility." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596 ; *see also Iqbal*, 556 U.S. at 677 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Therefore, the Seventh Circuit has held that defendants cannot be faulted for performing their role in the grievance process and that not every person who knows of a prisoner's grievances can be found liable under § 1983. *Burks*, 555 F.3d at 595. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Walker v. Godinez*, 2013 WL 5346460, at *2 (S.D. Ill. 2013). Even if defendants do nothing in response to a plaintiff's complaints, the processing or mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Bentz v. Hughes*, 2014 WL 114698, at *4 (S.D. Ill. 2014); *Jones v. Shah*, 2012 WL 2884801, at *4-5 (S.D. Ill. 2012).

Plaintiff has pointed out that, in *Burks*, the Seventh Circuit recognized that, in limited circumstances, a defendant involved in the grievance process could perform his or her appointed tasks with deliberate indifference to the risks imposed on prisoners. *See Burks*, 555 F.3d at 595. The Seventh Circuit stated that one could imagine a situation where "a complaint examiner routinely sent each grievance to the shredder without reading it" or where "a complaint examiner . . . intervened to prevent the medical unit from delivering needed care." *Burks*, 555 F.3d at 595. In those situations, liability could be a possibility.

5

*Burks*, 555 F.3d at 595. In *Burks*, however, the court concluded that the complaint examiner who was just carrying out her job could not be held liable. *Burks*, 555 F.3d at 595.

This court agrees with Defendants that Plaintiff's allegations against Laker, Allen, Kiley and Godinez relate solely to their involvement in the grievance process. Plaintiff has made no allegations that any of the Defendants routinely shredded grievances or intervened to prevent Plaintiff from receiving a kosher diet. Even construing Plaintiff's pro se allegations liberally and accepting all of the allegations in the Second Amended Complaint as true, Plaintiff has not alleged that these Defendants caused or participated in the underlying conduct of denying Plaintiff's request for a kosher diet. Instead, Plaintiff has only alleged that these Defendants failed to properly handle and respond to his grievances. These allegations regarding the processing and mishandling of grievances "state[] no claim." *See Owens*, 635 F.3d at 953; *Bentz*, 2014 WL 114698, at *4. Therefore, this court agrees with Defendants that Plaintiff's claims against these Defendants must be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) The Motion to Dismiss (#38) filed by Defendants Laker and Allen is GRANTED. Defendants Laker and Allen are dismissed from this action.

(2) The Motion to Dismiss (#54) filed by Defendants Kiley and Godinez is GRANTED. Defendants Kiley and Godinez are dismissed from this action.

(3) This case will proceed solely against Defendant Coleman.

(4) This court will enter a scheduling order in this case.

ENTERED this 14th day of February, 2014.


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE